# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JOHNIE HANNAH                                                                    PLAINTIFF

V.                                                        CAUSE NO. 3:18-CV-493-CWR-FKB

PICCADILLY HOLDINGS, LLC et al.                                                DEFENDANTS

## ORDER

Before the Court is the defendants' motion for summary judgment based on the statute of limitations. The matter is fully briefed and ready for adjudication.

## I.      Factual and Procedural History

On June 10, 2015,[1] Johnie Hannah consumed chicken while dining at the Piccadilly restaurant in Jackson, Mississippi. The next day, he began to experience nausea, vomiting, chills, and sweats. These symptoms lasted for several days until Hannah finally went to the hospital for treatment on June 17, 2015.

Hannah filed this lawsuit in state court on June 15, 2018. It was properly removed to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In the action, Hannah alleges that the chicken he consumed at Piccadilly on June 10, 2015 was spoiled and therefore the cause of his severe symptoms. Piccadilly Holdings disputes this as the cause of Hannah's illness.

The dispute now before the Court, however, is whether Hannah timely filed his complaint against Piccadilly Holdings. Both parties recognize that the Mississippi statute of limitations for

---

[1] In Hannah's complaint, he alleges that he visited the restaurant and consumed spoiled chicken on or about June 15, 2015. However, in his deposition taken in January of 2019, he testified multiple times that the specific consumption date was actually June 10, 2015. In that same deposition, Hannah also confirmed that he began to feel ill on June 11, 2015.

most tort actions is three years.[2] They do not dispute that Hannah dined at Piccadilly on June 10, 2015 and fell ill beginning on June 11, 2015. The issue is whether the statute of limitations to file a complaint began to run at the time Hannah realized he was ill or at the time his injury was diagnosed.

II.     **Legal Standard**

Summary judgment is appropriate when the movant can show that there is "no genuine dispute as to any material fact," and consequently, the movant is entitled to a grant of judgment as a matter of law. Fed. R. Civ. P. 56(a). If a nonmovant wishes to avoid summary judgment, they must identify admissible evidence in the record indicating a disputed material fact. *Id*. at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

III.    **Discussion**

    A.      **Substantive Law**

Because jurisdiction in this case is based on diversity of citizenship, the Court must apply

---

[2] Mississippi Code § 15-1-49(1) states that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."

Mississippi's statute of limitations for tort claims. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). Mississippi law is determined by looking to the decisions of the Mississippi Supreme Court. *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992).

Statutes of limitation normally run from the time of injury. *Weathers v. Metropolitan Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (citations omitted). Section 15-1-49(2) of the Mississippi Code provides an exception to this general rule. It states that "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2). This is "the discovery rule."

The Mississippi Supreme Court has cautioned that the discovery rule "should only be applied 'in limited circumstances in [] negligence and products liability case[s] involving latent injury.'" *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (Miss. 2005) (citations omitted). Essentially, if the injury is not latent, then the discovery rule is inapplicable. *Id*. (citations omitted). A latent injury is defined as one where the "plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *Id*. (citations omitted).

A plaintiff is not required to have "absolute certainty nor an expert opinion to vest the right to a cause of action." *Id*. Rather, a court must look to a complainant's actions to determine whether they "'knew' or 'reasonably should have known' that [they] suffered an injury." *Id*. at 51. If based on the facts at hand, a plaintiff knew or reasonably should have known of an injury,

3

then the injury is not considered latent. In certain circumstances, seeking medical treatment for specific symptoms can indicate that a complainant knew they were suffering from an injury. *Id.*[3]

A. Analysis

The question here is whether the limitations period began to run at the time Hannah began experiencing symptoms or at the time of his hospital visit for a diagnosis.

Again, Hannah consumed the chicken at Piccadilly on June 10, 2015. He began to experience nausea, vomiting, chills, and sweats on June 11, 2015, and he went to the hospital on June 17, 2015. He filed his complaint in state court on June 15, 2018.

Hannah argues that under Mississippi Code § 15-1-49, the statute of limitations for his case began to run on June 17, 2015 rather than on June 11, 2015. He reasons that although he believed his symptoms beginning on June 11, 2015 were the result of the chicken he had consumed the day before, he was not certain what caused his illness until he went to the hospital and received a diagnosis from a doctor. Thus, he contends that because he was diagnosed[4] on June 17, 2015, the statute of limitations began to run on June 17, 2015 rather than June 11, 2015.

The subsection[5] of the Mississippi Code referenced by Hannah applies only to latent injuries or diseases. In order for an injury to be considered latent, it must be one where the plaintiff is precluded from discovery of the harm or injury because of the "secretive or inherently undiscoverable nature of the wrongdoing." *PPG Architectural Finishes*, 909 So. 2d at 50.

---

[3] In *PPG*, the Mississippi Supreme Court then went on to discuss the circumstances in *Powe v. Byrd*, 892 So. 2d 223 (Miss. 2004). In *Powe*, the Court specifically rejected Powe's claim that the "statute of limitations began running when he received an expert opinion because Powe had known of his injury as evinced by the two years of prior medical treatment for the injury." *PPG Architectural Finishes*, 909 So. 2d at 51 (citing *Powe*, 892 So. 2d at 227-28. Though *Powe* dealt with a medical malpractice claim subject to a different statute of limitations, the holding related to the discovery rule is still pertinent to the case at hand.
[4] Hospital records indicate that Hannah was never actually diagnosed with a cause of his symptoms. The medical staff treated him for the symptoms he was experiencing, but there was no diagnosis of food poisoning.
[5] Miss. Code Ann. § 15-1-49(2)

4

"Causes of action accrue upon discovery of the injury, not discovery of the injury and its cause." *American Optical Corp. v. Estate of Rankin*, 227 So. 3d 1062, 1068 (Miss. 2017). Experiencing nausea, vomiting, chills, and sweats for several days, and then seeking medical treatment for those very symptoms indicates that Hannah "'knew' or 'reasonably should have known' that [he] suffered an injury." *PPG Architectural Finishes*, 909 So. 2d at 51. *See also F & S Sand, Inc. v. Stringfellow*, 265 So. 3d 170, 174 (Miss. 2019) ("an individual's seeking medical attention for side effects or symptoms may show knowledge of an injury"). This means that, at least as of June 11, 2015, Hannah's illness could not be categorized as a latent injury.

Mississippi's rule for a general statute of limitations period of three years applies. Miss. Code Ann. § 15-1-49(1). Because Hannah knew of the injury on June 11, 2015, the statute of limitations began running on that date. He filed his complaint in state court on June 15, 2018. Accordingly, the Court finds that Hannah's negligence claim against Piccadilly Holdings is time-barred.

## IV. Conclusion

The motion for summary judgment is granted. The motions for leave to file a sur-reply and for summary judgment based on liability are now moot.[6] A separate final judgment shall issue this day.

**SO ORDERED**, this the 30th day of August, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[6] After briefing for this motion closed, Hannah submitted an additional response. Although the Court did not consider this response, had the Court done so, the outcome would not change.

5